# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JOSINNIE JOHNSON**
**ADC #160272**                                                                                          **PLAINTIFF**

**V.**                         **No. 5:18-cv-00320-BSM-ERE**

**LECORA HAWKINS**[1]                                                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Summary

Ms. Lecora Hawkins, the only remaining Defendant, is in default and is therefore liable to Plaintiff Josinnie Johnson on his failure-to-protect claim. Mr.

---

[1] Originally, there were three Defendants, but the Court previously dismissed Mr. Johnson's claims against the Dub Brassell Detention Center and Joyce Scott, Deputy Correctional Officer. See *Docs. 9, 59.*

1

Johnson was injured after he was attacked by other inmates. A judgment in the sum of $7,000 would fairly compensate Mr. Johnson for his injuries, which were not permanent or life-threatening. It is therefore recommended that a Default Judgment of $7,000 be entered in Mr. Johnson's favor against Ms. Hawkins and this case be closed.

### III. Background

In his 42 U.S.C. § 1983 complaint, Mr. Johnson alleges that that on November 27, 2018, Ms. Hawkins failed to protect him from being attacked by inmates at the Dub Brassell Detention Center. *Id*.

On November 17, 2020, the United States Marshal personally served Ms. Hawkins with a summons and a copy of the complaint. *Doc. 44*. Ms. Hawkins never filed an answer or responsive pleading, and the time for responding has expired. See Fed. R. Civ. P. 12(a)(1)(A)(i) (A "defendant must serve an answer within 21 days after being served with the summons and complaint."). On January 21, 2021, the Court allowed Ms. Hawkins fourteen days to show cause why a default judgment should not be entered against her pursuant to Federal Rule of Civil Procedure 55. *Doc. 45*. She did not respond. On March 10, 2021, a Clerk's entry of default was filed. *Doc. 49*.

On October 1, 2021, Mr. Johnson filed a "Submission of Evidence in Support of Claim for Damages" *(Doc. 67)*, which the Court will review as a motion for

default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).[2] Mr. Johnson provided documents supporting a claim for $4,038.75 in medical bills related to his emergency room visit. *Doc. 67-4 at p. 1 of 71*. He seeks $30,000 for "pain and suffering and medical bills." *Doc. 2*.

## IV.   Discussion

Mr. Johnson's undisputed allegations are that on November 27, 2018 he was attacked by eight other inmates. When Mr. Johnson hit the panic button so that he could escape the gym, Ms. Hawkins said "No". Mr. Johnson also alleges that Ms. Hawkins "knew of the history of violence" of the inmates who attacked him, but she did nothing to protect him. *Doc. 67.*

Medical notes indicate that Mr. Johnson had several raised areas on his forehead and jaw; was bleeding from his nose and lips; had several lacerations on his face and back of his neck; had bruising and swelling around one eye; and had blurred vision. *Docs. 67-2, 67-4 at p. 34-35 of 71*. Mr. Johnson received stitches at the Jefferson Regional Medical Center, was provided a prescription (unrelated to his

---

[2] Ordinarily, when filing a motion for default judgment, the plaintiff must submit an affidavit stating that the defaulting defendant is not in military service or that the plaintiff is unable to determine whether the defaulting defendant is in military service. U.S.C. § 3931(b)(2). However, the Court is satisfied that Ms. Hawkins is not in active military service based on the fact that she was terminated from the ADC, charged by the state, and pled guilty to providing marijuana and tobacco to inmates. *Doc. 67-5*; *State v. Hawkins*, 19CR-29-1 (Pine Bluff District Court).
   Ms. Hawkins' termination appears to be unrelated to the events in this case.

injury) and was given antibiotic ointment for his injuries. He was discharged "without complaint." *Id. at p. 25 of 71*.

The relevant Eighth Circuit Model Jury Instructions provide that Mr. Johnson may recover as damages an amount that will fairly compensate him for:

> 1. The physical pain and (mental) (emotional) suffering [he] has experienced (and is reasonably certain to experience in the future); the nature and extent of the injury, whether the injury is temporary or permanent (and whether any resulting disability is partial or total) (and any aggravation of a pre-existing condition);
>
> 2. The reasonable value of the medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future); . . .

Eighth Cir. Model. Inst. 4.70.

The Court must assess the damages that Mr. Johnson incurred as a result of being attacked by inmates and receiving emergency medical treatment. There are neither allegations nor evidentiary support that Mr. Johnson suffered ongoing pain (other than immediate healing after the altercation), had any need for additional medical treatment, or suffered any permanent disfigurement. Mr. Johnson's allegations are vague as to whether Ms. Haskins could have prevented the attack from occurring or just failed to stop it sooner. However, for purposes of assessing the appropriate amount of damages, the Court assumes that, had Ms. Haskins acted sooner, Mr. Johnson's injuries (damages) would have been minimal or non-existent.

The Court has reviewed the damages awarded in similar cases where a prisoner was successful in an Eighth Amendment claim against a corrections officer.[3] The damages awards vary depending on the extent of the injuries and the degree of medical attention required.

In light of the case law, evidence of damages presented, and relevant factors to be considered under the Eighth Circuit's jury instructions,[4] the Court recommends that Mr. Johnson be awarded a total of $7,000 in compensatory damages for Ms. Hawkins' failure to protect him from assault by other inmates.

## V. **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff Josinnie Johnson's Motion for Default Judgment *(Doc. 67)* be GRANTED and that a default judgment be entered in his favor against Ms. Hawkins.

---

[3]*Boesing v. Spiess*, 540 F.3d 886, 889–90 (8th Cir. 2008) (upholding a $5,000 compensatory award to an arrestee who, while handcuffed, was sprayed with mace and struck on the head and back with a baton, sustaining lacerations to his head and deep bruises on his back and side); *Riley v. Olk–Long*, 282 F.3d 592 (8th Cir. 2002) (upholding a compensatory damages award of $15,000 against security director and warden for failing to protect female inmate from rape by officer with a history of sexual infractions); *Williams v. Rambo*, No. 4:09-cv-4088, 2013 WL 1197114, at *1 (W.D. Ark. Mar. 25, 2013) (awarding $5,000 in compensatory damages to pretrial detainee after guards failed to protect him from an assault by inmates); *Mitchell v. Neff*, No. 4:09–cv–04071, 2012 WL 2449863 (W.D. Ark. May 30, 2012) (awarding $5,000 in compensatory damages when guards failed to protect an inmate from an attack and plaintiff suffered cuts to the head and bruises, cuts, and abrasions to his arms); *Palton v. Jackson*, No. 5:06–cv–00198, 2009 WL 2762739 (E.D. Ark. Aug. 28, 2009) (holding there was sufficient evidence for $10,000 in compensatory damage award for failing to protect inmate from sexual assault by officer).

[4]Punitive damages are not at issue. The Eighth Circuit requires a plaintiff to provide a defendant "fair notice" before trial that he is seeking punitive damages. *Bowles v. Osmose Utilities Services., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006). Mr. Johnson has not made a punitive damages demand.

2.	Mr. Johnson be awarded $7,000 in compensatory damages from Ms. Hawkins.

3.	This case be closed.

DATED this 5th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE